107 A.3d 709

COMMONWEALTH of Pennsylvania, Appellant

v.

Todd ALLEN, Appellee.

Supreme Court of Pennsylvania.

Argued Sept. 9, 2014.

Decided Dec. 29, 2014.

Hugh J. Burns, Jr., Philadelphia, Kristin Malee DeYoung, Philadelphia District Attorney's Office, Jonathan Michael Levy, Office of the District Attorney of Phila. County, for Commonwealth of Pennsylvania.

Jonathan Mark Frisby, JMF Law, for Todd Allen.

CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, STEVENS, JJ.

## OPINION

Justice BAER.

Nearly eight years after criminal charges against him were dismissed, Todd Allen (Appellee) moved for the return of property seized from the vehicle he was driving at the time of his arrest pursuant to Rule 588 of the Pennsylvania Rules of Criminal Procedure. The trial court, applying *Commonwealth v. Setzer*, 258 Pa.Super. 236, 392 A.2d 772 (1978), and *Commonwealth v. One 1990 Dodge Ram Van*, 751 A.2d 1235 (Pa.Cmwlth.2000), found that Appellee's claim was waived because it had not been raised before the trial court

that had jurisdiction over the criminal case against him. Although on appeal the Commonwealth Court affirmed, it declined to follow *Setzer*, overruled *One 1990 Dodge Ram Van*, applied a six-year statute of limitations to return motions filed pursuant to Rule 588, and held that Appellee's motion was untimely because it was filed over six years after the charges against him were dismissed. On the Commonwealth's appeal to this Court,[1] we are persuaded that the Commonwealth Court erred by applying a statute of limitations analysis, and that the trial court was correct in applying the waiver analysis of *Setzer* and *One 1990 Dodge Ram Van*. We therefore hold that because Appellee had a prior opportunity to move for the return of property during the pendency of the criminal charges against him, his failure to do so resulted in waiver of this issue. This holding amounts to a rejection of the entirety of the Commonwealth Court's analysis, but an affirmance of the denial of relief to Appellee.

On January 10, 2002, Appellee was arrested during a traffic stop for driving a stolen vehicle and related offenses. During

---

1. Although the Commonwealth Court's ultimate disposition was favorable to the Commonwealth by virtue of the affirmance of the trial court's dismissal of Appellee's petition for return of property, we accepted allocatur agreeing to hear this case. The Commonwealth argues that it is aggrieved by the appellate court's published decision because of the burden it imposed with respect to motions for return of property filed hereafter. *See Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157, 1160 n. 7 (2003) (recognizing that although the Commonwealth prevailed in the lower court, it was aggrieved by the burden imposed therein). Under the Commonwealth Court's ruling, the Commonwealth, through the district attorneys, would be obliged to litigate the merits of claims which it believes, and we ultimately agree, are waived; and which under the Commonwealth Court's published decision could be raised years after the seizure occurred. Moreover, although Appellee could have asserted that the Commonwealth, as the party that prevailed with respect to the return of property, does not have standing to pursue the appeal, *see* Pa.R.A.P. 501, he has not done so. Our precedent is clear that standing is subject to waiver and is not jurisdictional, thus, it would be inappropriate for us to *sua sponte* raise an issue of standing. *See In re Paulmier*, 594 Pa. 433, 937 A.2d 364, 368 n. 1 (2007); *In re Condemnation by Urban Redevelopment Auth. of Pittsburgh*, 590 Pa. 431, 913 A.2d 178, 181 n. 6 (2006). Finally, there is no suggestion or indication that the parties have engaged in bad faith or conspired to invoke the Court's jurisdiction. Consequently, we will decide the Commonwealth's appeal.

the vehicle search that followed, the police seized $1060.00 in cash (the Property). On February 15, 2002, Appellee was held for trial on charges of theft by receiving stolen property, unauthorized use of an automobile, and criminal conspiracy. The Commonwealth, however, withdrew the charges against him by *nolle prosequi,* and Appellee's case was disposed of on November 8, 2002.

Over seven years later, on July 22, 2010, Appellee filed a petition for return of the Property pursuant to Rule 588.[2] The Commonwealth moved to dismiss on March 9, 2011, asserting that Appellee had waived his right to seek return of the Property by not moving for its return upon the final disposition of his criminal case while the trial court retained jurisdiction. The Commonwealth relied on *Setzer* for support.

In *Setzer,* the appellant was arrested and charged with several criminal offenses and convicted following a non-jury trial. 392 A.2d at 772–73. Nearly two years after his conviction, he filed a petition seeking the return of $77.00 that had been confiscated from him during his arrest. *Id.* at 773. On appeal from the trial court's denial of this petition, the Superior Court affirmed, applying a waiver analysis to hold that although the predecessor to Rule 588 did not specify when a petition for return of property must be filed, it could have

---

**2.** Rule 588 provides as follows:

(A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

(B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

(C) A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.

Comment: A motion for the return of property should not be confused with a motion for the suppression of evidence, governed by Rule 581. However, if the time and effect of a motion brought under the instant rule would be, in the view of the judge hearing the motion, substantially the same as a motion for suppression of evidence, the judge may dispose of the motion in accordance with Rule 581.

Pa.R.Crim.P. 588.

been raised either within thirty days of trial in conjunction with post-verdict motions or within thirty days of sentencing in conjunction with post-sentence motions. *Id.* at 773 n. 4. According to the Superior Court, by failing to raise his entitlement to the return of property at trial or sentencing, when it was cognizable and the trial court had jurisdiction, the *Setzer* appellant had waived his right to raise the issue. *Id.* ("[W]e find it clear that practical considerations dictate that this issue be deemed waived when, as in the instant case, it is not raised until almost two years after disposition of the charges which gave rise to the confiscation of property."); *Commonwealth v. Romberger*, 474 Pa. 190, 378 A.2d 283, 286 (1977) ("It is a fundamental doctrine in this jurisdiction that where an issue is cognizable in a given proceeding and is not raised it is waived and will not be considered on a review of that proceeding."). The Commonwealth Court has likewise previously applied a waiver analysis in the same circumstances. *One 1990 Dodge Ram Van*, 751 A.2d at 1237 (holding the appellant waived the issue of return of property by failing to raise it following trial or sentencing for the underlying crimes).

The trial court in this case agreed with the Commonwealth and followed *Setzer* and *One 1990 Dodge Ram Van* to deny Appellee's petition on April 28, 2011. Appellee appealed to the Commonwealth Court, which affirmed on alternate grounds in an *en banc* published decision. *Commonwealth v. Allen*, 59 A.3d 677 (Pa.Cmwlth.2012) (*en banc*). Noting that Superior Court decisions are not binding on it, *id.* at 679 (citing *Muntz v. Dep't of Transp.*, 157 Pa.Cmwlth. 514, 630 A.2d 524, 525 (1993)), the Commonwealth Court declined to follow *Setzer* and overruled its decision in *One 1990 Dodge Ram Van* premised on its view that civil forfeiture and petitions for return of property are civil proceedings, and therefore independent of any underlying criminal prosecutions. *Id.* at 679 (citing *Commonwealth v. Perez*, 941 A.2d 778, 780 (Pa.Cmwlth.2008) (noting that civil forfeitures "are the *in rem* consequence for wrongdoing prescribed by statute" and that property is not forfeited "as a result of the criminal

conviction, but through a separate proceeding, civil in form but quasi-criminal in nature . . . .")).

The Commonwealth Court reasoned that the progress of an ancillary criminal proceeding may be irrelevant to either a forfeiture petition filed by the Commonwealth or a motion for return of property filed by a person entitled to lawful possession of the property, *Allen*, 59 A.3d at 679–80, noting there may be a civil forfeiture proceeding where no criminal charges were filed against the person from whom the property was seized. *Id.* at 680. Additionally, according to the Commonwealth Court, if the property was owned by a third-party uninvolved in the underlying criminal proceeding, it would be awkward to require that third-party to intervene in that criminal proceeding to seek the return of property *via* post-trial motions or at sentencing pursuant to the procedure endorsed in *Setzer*. *Id.* at 680 ("There is no precedent for such an awkward procedure because it makes no sense."). The court failed to acknowledge that this case involved neither a return motion filed in answer to a forfeiture petition nor property that was owned by someone other than the accused in the underlying criminal proceeding, rendering its musings hypothetical and unnecessary for disposition of the matter before it.

Because post-trial motions must be filed within thirty days of the verdict, the Commonwealth Court characterized *Setzer* as imposing a thirty-day "statute of limitations" on petitions for return of property, which it held was not supported by Rule 588. In this regard, the Commonwealth Court evidently failed to discern that *Setzer* was based on a waiver analysis, rather than a statute of limitations analysis. Instead, construing its task as determining the applicable statute of limitations, the court examined the Controlled Substances Forfeiture Act, 42 Pa.C.S. § 6801(c),[3] which requires the Commonwealth to institute proceedings for the forfeiture of

3. Section 6801(c) provides: "In the event seizure without process occurs, as provided herein, proceedings for the issuance thereof shall be instituted forthwith."

seized property "forthwith," and 42 Pa.C.S. § 5524(5),[4] which imposes a two-year statute of limitations for commencement of forfeiture proceedings. Premised on these two provisions, the Commonwealth Court posited that when the Commonwealth failed to move for forfeiture within two years of a warrantless seizure, the property in question should be returned to the person from whom it was seized. *Allen*, 59 A.3d at 680. However, determining that the question of whether the Commonwealth complied with these requirements was not directly before it, the Commonwealth Court instead looked elsewhere for a potentially pertinent statute of limitations.

Examining the Judicial Code, the Commonwealth Court considered and rejected the two-year limitation period for "[a]n action for taking, detaining or injuring personal property, including actions for specific recovery thereof," 42 Pa.C.S. § 5524(3), concluding that this provision was inapplicable for two reasons: first, because it has generally been applied in tort actions commenced by complaint; and, second, because a petition for return of property is a "proceeding," not an "action." *See* 42 Pa.C.S. § 102 (providing that "proceeding" includes "every declaration, petition or other application which may be made to a court under law . . . , but the term does not include an action or an appeal.").

Consequently, having determined that its task was to identify an applicable statute of limitations, the Commonwealth Court concluded there was no specific limitation period established by rule or law for the filing of a motion for return of property. Thus, to fill the void, the court held the residual six-year limitations period of Section 5527(b) was applicable, 42 Pa.C.S. § 5527(b),[5] and began to run at "the conclusion of

**4.** Section 5524(5) imposes a two-year statute of limitations upon "[a]n action upon a statute for a civil penalty or forfeiture."

**5.** This section provides:

> (b) Other civil action or proceeding.—Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years.

the criminal case in the trial court, whether by conviction, acquittal or withdrawal of the charges; at the conclusion of any post-conviction proceedings or appeals; or at the conclusion of any collateral proceedings in federal court." *Allen,* 59 A.3d at 681. Because Appellee filed his petition over six years after his criminal case was concluded (by withdrawal of the charges), the Commonwealth Court held that it was untimely, and affirmed under the statute of limitations analysis the trial court's dismissal of the petition.

■ We granted the Commonwealth's allowance of appeal to determine whether a criminal defendant has an obligation to file a petition for return of property prior to the completion of proceedings before the trial court, or, as the Commonwealth Court held, may wait six years from the completion of all criminal proceedings, including collateral attacks, to file a stand-alone motion.[6] This issue is purely a question of law; accordingly, our standard of review is de novo, and our scope of review is plenary. *Ash v. Cont'l Ins. Co.,* 593 Pa. 523, 932 A.2d 877, 879 (2007) (citing *Swords v. Harleysville Ins. Cos.,* 584 Pa. 382, 883 A.2d 562, 567 (2005)).

The Commonwealth, as appellant, advances an argument premised on the waiver analysis established in *Setzer,* asserting that any stand-alone petition for return of property filed by a party to a criminal proceeding, which could have been raised in that criminal proceeding but was not, is waived. *Setzer,* 392 A.2d at 773; *One 1990 Dodge Ram Van,* 751 A.2d at 1237. Focusing on the principles of *Setzer* waiver, the Commonwealth relies on the well-established legal proposition that an issue that is cognizable in a given proceeding and is not raised therein is waived, and will not be considered on review of that proceeding. *See Setzer,* 392 A.2d at 773 (citing *Romberger,* 378 A.2d at 286).

The Commonwealth argues that this rule of waiver applies only to the parties in a criminal proceeding involving the

42 Pa.C.S. § 5527(b).

6. A stand-alone motion is in contrast to a petition for return of property filed in response to the Commonwealth's forfeiture petition.

subject property. According to the Commonwealth, Appellee, who was a party to the criminal case, waived his claim to the Property by failing to seek its return during the course of the criminal proceeding or within thirty days of the trial court's order dismissing the charges against him.

In furtherance of this argument, the Commonwealth relies on Rule 588(A), which provides that return motions must be filed "in the court of common pleas for the judicial district in which the property was seized," and Rule 588(C), which permits a petition for the return of property to be joined in the criminal proceeding with a motion to suppress. Thus, the Commonwealth asserts that such motions are timely when they are filed while the trial court retains jurisdiction over the criminal proceeding, or when they are responsive to a forfeiture petition filed by the Commonwealth.[7]

The Commonwealth Court's concern for third-party property owners was not, according to the Commonwealth, implicated in this case. Nevertheless, to address a case in that procedural posture, the Commonwealth asserts that under the waiver rationale of *Setzer*, if seized property is owned by someone other than a criminal defendant, then waiver would not bar a stand-alone return motion filed independently of the criminal proceeding, because that party would not have had a prior opportunity to file the return motion and waiver would not apply.

In rejecting the Commonwealth Court's search for an applicable statute of limitations, the Commonwealth argues that the rule of waiver is simply not a statute of limitations. *See Allen*, 59 A.3d at 680 ("Having rejected *Setzer's* 30–day statute

---

7. According to the Commonwealth, when it files a forfeiture petition in response to an untimely motion for return of property, or when the return motion is filed in response to its forfeiture petition, it is waiving the defenses of untimeliness or waiver by claiming ownership of the subject property and asking the court to adjudicate the merits of its claim. *See* 42 Pa.C.S. § 6801(a) (defining forfeitable property and providing that "no property right shall exist in them."). It therefore asserts that it is not opposed to adjudicating return motions, even those that would otherwise be waived, where they are responsive to a forfeiture petition, because forfeiture is a new proceeding in which a return motion is cognizable.

of limitations, we must decide the appropriate deadline."). Rather, the pertinent inquiry, according to the Commonwealth, was whether Appellee had a prior foregone opportunity to move for return of the Property.

Moreover, the Commonwealth asserts that the Commonwealth Court's holding that a stand-alone return motion must be filed within six years of the completion of all proceedings in the underlying criminal action effectively provides no limitation upon the timing of such motions, because criminal appeals and collateral attacks may take years to resolve. Even where a significant amount of time has passed, the Commonwealth asserts that *nunc pro tunc* appellate rights may be reinstated, or an untimely collateral attack launched.

The Commonwealth continues that if the relevant inquiry is the applicable statute of limitations, then whatever that statute of limitations may be, it should run from when the property owner is aggrieved by the seizure, *see* Pa.R.Crim.P. 588(A) (permitting a return motion to be filed by "[a] person aggrieved by a search and seizure"), or, in cases of a third-party owner not involved in the underlying criminal proceeding, when the property owner knows or reasonably should have known of the seizure, *Crouse v. Cyclops Industries,* 560 Pa. 394, 745 A.2d 606 (2000) (providing that the discovery rule is a judicially created device that tolls the statute of limitations until the complaining party knows or reasonably should know of his cause of action). While declining to advocate for one statute of limitations in particular, the Commonwealth notes that a two-year statute of limitations would be commensurate with the two-year limitation period for civil forfeiture, *see* 42 Pa.C.S. § 5524(5).

Responding to the Commonwealth Court's suggestion that property should be automatically returned to "the party" once time for filing a forfeiture petition runs, the Commonwealth observes that this would be contrary to the requirement in Rule 588(A) that the "person aggrieved by a search and seizure" file a return motion, and further adds that the Commonwealth Court's concern for protecting third-party property owners would be vitiated if the Commonwealth were

simply to return seized property to the criminal charged in the underlying proceeding. According to the Commonwealth, there are sometimes competing claims of ownership which must be adjudicated by a court, and would be disregarded if the Commonwealth were to *sua sponte* return the property to the party from whom it was seized.

Appellee begins his argument in agreement with the Commonwealth Court that where the Commonwealth has not initiated forfeiture proceedings following "the non-conviction termination of a criminal complaint," the defendant is entitled to automatic return of the seized property. As support, Appellee relies on Section 6801(c) of the Controlled Substances Forfeiture Act, which requires that in the event property is seized without a warrant, forfeiture proceedings "shall be instituted forthwith," 42 Pa.C.S. § 6801(c), and 42 Pa.C.S. § 5524(5), which provides a two year statute of limitations for "actions upon a statute for a civil penalty or forfeiture." According to Appellee, these provisions indicate that where criminal proceedings are terminated prior to trial, the Commonwealth must either begin forfeiture proceedings or return the property to the person from whom it was seized. Appellee does not rely on any legal authority for this latter proposition.

Appellee agrees with the Commonwealth Court's decision not to follow *Setzer*, but disagrees with its reasoning. Specifically, Appellee argues that *Setzer* does not control the timing of a return motion filed by a criminal defendant against whom the charges were dismissed. Rather, Appellee argues that by requiring a return motion to be filed within the thirty-day period for post-trial or post-sentence motions, *Setzer* is limited to circumstances where a criminal defendant has the opportunity to file such motions. Where there is no trial, Appellee posits that there is no triggering event to file a return motion under *Setzer* and he therefore cannot be held to the thirty-day period for post-trial or post-sentence motions. Appellee contends that under the facts herein (where charges were dismissed), he had no opportunity to seek the return of his property during the prior criminal proceeding.

■    Resolution of the current appeal requires us to examine Rule 588 and determine the timing of a motion for return of property. The Rules of Criminal Procedure are to "be construed in consonance with the rules of statutory construction[,]" Pa.R.Crim.P. 101(C), which requires us to interpret the provisions in accord with the plain meaning of their terms. *Commonwealth v. Pressley*, 584 Pa. 624, 887 A.2d 220, 223 n. 5 (2005).

■    Although Rule 588 does not directly address the question of timing, it is sufficiently precise with regard to who may file a return motion and where the motion must be filed to permit us to discern that a criminal defendant has an opportunity to file a motion seeking the return of property while the charges against him are pending. Specifically, return motions are filed by "a person aggrieved by a search and seizure" and must "be filed in the court of common pleas for the judicial district in which the property was seized." Pa.R.Crim.P. 588(A). Additionally, a return motion may be filed pre-trial and joined with a motion to suppress. *Id.* at 588(C).[8] Pursuant to Rule 588, therefore, a return motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition. *See* 42 Pa.C.S. § 5505 (providing that a trial court retains jurisdiction to modify or rescind any order within thirty days of its entry, if no appeal has been taken).[9]

■■    Appellee, therefore, had the opportunity to move for return of the Property during the pendency of the criminal proceedings, or while the trial court retained jurisdiction for thirty days following the dismissal of charges. Although Appellee claims that he had no opportunity to file a return motion during the pendency of the criminal proceedings

8.  A motion to suppress is generally filed after the "case has been returned to court and ... [is] contained in the omnibus pretrial motion ..." Pa.R.Crim.P. 581(B).

9.  Although the Commonwealth makes a persuasive argument that return motions are also timely when they are filed in response to a petition for forfeiture, we make no comment on this assertion because it is not what occurred in this case.

against him because the Commonwealth dismissed the charges, he has indicated no impediment precluding him from filing the return motion prior to dismissal of the charges or during the thirty-day period during which the trial court retained jurisdiction following dismissal. Contrary to Appellee's suggestion, Rule 588 does not require a trial as the triggering event for a return motion. Rather, the rule provides that "a person aggrieved by a search and seizure" may file a return motion. It is the search and seizure of the property, therefore, that triggers the ability to move for return of the seized property. Because Appellee was held for trial on February 15, 2002, he had until thirty days following dismissal of the charges, or December 8, 2002, to move for return of the Property. Having failed to do so, he has waived any entitlement to the return of property under Rule 588.

This is consistent with the result the Superior Court reached in *Setzer*, in which that court addressed a return motion filed almost two years following disposition of the criminal case. Citing the classic rule that an issue not raised is waived and will not be considered on appeal, *see Romberger*, 378 A.2d at 286, and observing that the issue would have been cognizable in the lower court and reviewable on appeal, the Superior Court held in *Setzer* that because the court would have been precluded from reviewing a waived claim on direct appeal, it could not consider the waived issue almost two years later on appeal from the denial of the return motion. *Setzer*, 392 A.2d at 773. The *Setzer* court, therefore, properly considered the issue waived by the criminal defendant's failure to raise it before the trial court during the pendency of the underlying criminal proceeding. *See also One 1990 Dodge Ram Van*, 751 A.2d at 1237 (applying *Setzer* to hold that the claimant, who was prosecuted in the underlying criminal proceeding, "waived the issue of the return of his property by failing to raise it either in post-trial motions or at the time of his sentencing."). Contrary to the Commonwealth Court's holding, this rule of waiver provides a proper analysis, and there was no need to look to various statutes of limitations. In this case, which is all we are adjudicating, we are not faced

with an unaware claimant, but rather one who was a party to the underlying criminal proceeding in which he could have filed the return motion but failed to do so.[10]

Thus, by its terms, the applicability of waiver applied herein, in *Setzer*, and in *One 1990 Dodge Ram Van*, is limited by whether the party filing the return motion was also a party to the underlying criminal proceeding. If the claimant was the defendant, the waiver rule applies because he had a prior missed opportunity to move for the return of property. Although the Commonwealth Court's concern for a third-party property owner is valid, we do not address the timing of a return motion filed by a third-party because we are not currently presented with such facts.

Turning to Appellee's argument that property should be returned by the Commonwealth automatically, it is apparent that there is no authority to support automatic return. To the contrary, Rule 588 provides that a return motion must be filed and premised on the entitlement to lawful possession. Pa. R.Crim.P. 588(A) (stating that a person who is aggrieved by a search and seizure "may move for the return of the property on the ground that he is entitled to lawful possession thereof" and such motion "shall be filed in the court of common pleas . . .").

Accordingly, we respectfully reject the Commonwealth Court's reliance on a statute of limitations analysis to resolve the timeliness of Appellee's return motion, and conclude instead, consistent with the trial court, that Appellee's failure to file a return motion during the pendency of the criminal charges against him or within thirty days following dismissal

10. We emphasize that our holding today is limited to the factual circumstances presented, where the property owner is the criminal defendant, and had an opportunity to move for the return of property during the thirty days following disposition of the charges, while the trial court had jurisdiction. We have not attempted to define the timing pertaining to other circumstances, such as where the property is owned by an individual who is not a party to the underlying criminal action. In this regard, we urge the Civil and Criminal Procedural Rules Committees to consider articulating a rule that would define the timing of return motions filed in circumstances not addressed by this Opinion, such as when the property is owned by a third party.

of the charges results in waiver, precluding review of his stand-alone return petition. In this respect, *Setzer* and *One 1990 Dodge Ram Van* remain valid. We affirm on other grounds the Commonwealth Court's affirmance of the trial court's dismissal of Appellee's return motion.

Former Justice McCAFFERY did not participate in the decision of this case.

Chief Justice CASTILLE and Justice EAKIN and STEVENS join the opinion.

Justice SAYLOR files a dissenting opinion in which Justice TODD joins.

Justice TODD files a dissenting opinion.

Justice SAYLOR, dissenting.

The Court presently approves the transfer of legal title to private property to the government absent notice or process reflected on the present record, and it allows for such transfer at the end of a 30-day limitations period immediately following jeopardy. I respectfully dissent.

The right to acquire, possess, and protect property is deeply engrained in the federal and Pennsylvania Constitutions. *See, e.g.,* PA. CONST. art. I, § 1. Correspondingly, the presumption that, if reasonably possible, title to property should remain with, or be restored to, its rightful owner is strengthened by multiple interrelated constitutional propositions, including that the owner may not be deprived of it except by due process of law, *see* U.S. CONST. amend. XIV; Pa. Const. art. I, § 9, and that the government may not take private property except for public use and upon payment of just compensation, *see* PA. CONST. art. I, § 10; U.S. Const. amend. V.

Our statutory law also reflects the primacy of guaranteeing to citizens the secure ownership of their property. Statutes authorizing the taking of property often expressly require that due process be observed, *see, e.g.,* 66 Pa.C.S. § 2704(d); 53 P.S. § 57401, and the Legislature has constrained eminent domain takings even more restrictively than is required by the

Constitution, *see* 26 Pa.C.S. § 204(a); *Reading Area Water Auth. v. Schuylkill River Greenway Ass'n,* 627 Pa. 357, 100 A.3d 572 (2014).[1] Additionally, the Disposition of Abandoned and Unclaimed Property Act mandates that unclaimed property be held in custody—*e.g.,* by the Commonwealth or a financial institution—for several years before title may transfer, all with the ultimate goal of returning the property in question to its owner. *See* 72 P.S. § 1301.3 (reflecting escheatment periods of from three to fifteen years depending on the type of property). *See generally Delaware Cnty. v. First Union Corp.,* 605 Pa. 547, 550, 992 A.2d 112, 114 (2010) (describing a seven-year escheatment scheme).

In the police forfeiture setting, procedural safeguards seem particularly important because of the possibility of a conflict of interest—namely, the property seized and forfeited to law enforcement authorities is ultimately transferred to the use of those same authorities. *See* 42 Pa.C.S. § 6801(e)-(h).[2] So long as the seizure and forfeiture are adjudicated as legally proper, any actual conflict abates, as the forfeiture provisions are then shown to be serving their lawful aims, including deterring crime and preventing the continued illicit use of the subject property. *See Bennis,* 516 U.S. at 452, 116 S.Ct. at 1000; *Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 679, 94 S.Ct. 2080, 2090, 40 L.Ed.2d 452 (1974). The propriety of the seizure, however, cannot be simply assumed. If no pre-deprivation hearing is held, then a post-deprivation process is required to give the owner notice and an opportunity to state why the property should be returned to him. *See Zinermon v. Burch,* 494 U.S. 113, 128, 110 S.Ct. 975, 984–85, 108 L.Ed.2d 100 (1990); *see also* 42 Pa.C.S. § 6801(c) (requir-

1. Although the seizure of property through the exercise of governmental power other than eminent domain does not give rise to a takings claim, *see Bennis v. Mich.,* 516 U.S. 442, 452, 116 S.Ct. 994, 1001, 134 L.Ed.2d 68 (1996), the dual requirements of public use and just compensation are mentioned here as illustrative of the broader point that protecting title to property against arbitrary government confiscation has been a foundational concern since the beginning of the Republic.

2. To the degree the Commonwealth believes it may retain property purportedly forfeited outside the Section 6801 framework, the legal basis for such entitlement is unclear.

ing that, in the event of a seizure without process, proceedings for the issuance of process "shall be instituted forthwith"). *See generally Commonwealth v. West*, 937 A.2d 516, 526 (Pa.Super.2007) ("Although . . . a vehicle may be validly seized without process under the Forfeiture Act, a person's property rights therein are not extinguished until a court holds forfeiture proceedings and orders the forfeiture.").[3]

Nevertheless, the Court presently finds no basis to require any process at all to ensure that property was appropriately seized, ruling instead that an automatic transfer of title may occur after the passage of 30 days. During this period, the individual—who may be innocent of any criminal wrongdoing and unlearned in the law—may have no indication that a minimal window of opportunity is closing on his ownership of the subject property. In cases (such as this one) where the property owner is charged with a crime, moreover, it seems unlikely that the defendant would be primarily concerned with recovering the seized property during his period of jeopardy, as his most pressing concern would appear to be avoiding criminal punishment. Again, however, under the majority's holding title is automatically transferred to the government after this brief period following jeopardy, simply because the government has physically taken it from the citizen.

The availability of a motion for the return of property under criminal procedural rule 588 has been held to satisfy the requirement of post-deprivation process. *See, e.g., McKenna v. Portman*, 538 Fed.Appx. 221, 224–25 (3d Cir.2013). That rule contains a restriction regarding the forum where the motion may be filed, see Pa.R.Crim.P. 588(a) ("Such motion

3. The Commonwealth claims that a forfeiture order issued in April 2002, seven months before it dismissed all charges against Allen. *See* Brief for Commonwealth at 13 n. 4. However, the papers that the Commonwealth now proffers as supporting its contention have not been included as part of the record on appeal, and, moreover, it does not appear that any judicially recognized docket information is present. In any event, the issue accepted for review—as framed by the Commonwealth—lacks any suggestion that a forfeiture may have occurred, *see Commonwealth v. Allen*, 621 Pa. 119, 74 A.3d 121 (2013) (*per curiam*), and the import of the majority opinion transcends the individualized circumstances presented.

shall be filed in the court of common pleas for the judicial district in which the property was seized."), but it does not contain any time limitation. The majority's solution is to impose a 30–day statute of limitations under a "waiver" rubric. *See* Majority Opinion, at 590–91, 107 A.3d at 717. Waiver precepts, however, ordinarily pertain when the aggrieved party could have raised an issue at an earlier proceeding that actually occurred, but failed to do so. Here, there was no earlier *in rem* proceeding relative to the seized property, and hence, the majority is left to resort to a jurisdictional "tail" pertaining to the *criminal* matter which, although associated with the seizure in terms of the underlying facts, is nonetheless a distinct type of legal proceeding.[4] Indeed, there is nothing in Rule 588 that purports to contextualize a motion for return of property within any criminal proceeding, as it clearly contemplates a motion made even where no criminal charges are filed. As such, application of the 30–day jurisdictional period as an overlay upon Rule 588 is unsupported by the rule's text, highly attenuated, and contrary to the general precept that legal authorization for property forfeiture should be strictly construed. *See Commonwealth v. $2,523.48 in U.S. Currency,* 538 Pa. 551, 556–57, 649 A.2d 658, 660–61 (1994).

Finally, I remain unmoved by the prospect that the Commonwealth may be inconvenienced by not knowing for a period of time whether it will ultimately take title to the property. If the Commonwealth wishes to settle title without waiting for the owner to file a Rule 588 motion, it has recourse to the Forfeiture Act. *See* 42 Pa.C.S., Part IV, Chapter 68. Until forfeiture is judicially decreed, the Commonwealth is statutorily designated as the custodian of the property, but not the owner. *See* 42 Pa.C.S. § 6801(d).

---

4. The intermediate court has explained that
> [c]ivil forfeitures are the *in rem* consequence for wrongdoing prescribed by statute. Property is forfeited not as a result of the criminal conviction, but through a separate proceeding, civil in form but quasi-criminal in nature[.]

*Commonwealth v. Perez,* 941 A.2d 778, 780 (Pa.Cmwlth.2008) (citation omitted).

As for the present case, it is undisputed that the Commonwealth ultimately decided not to pursue criminal charges against Allen. Thus, on this record, and within the boundaries of the issue presented to this Court, *see supra* note 3, the Commonwealth remained merely the custodian of the money it seized from Allen, as explained above. If a defendant in such circumstances files a Rule 588 motion for the return of property, I see no reason why the motion should not be adjudicated on its merits. I would therefore vacate and remand to the common pleas court for such an assessment.

Accordingly, I respectfully dissent.

Justice TODD joins this dissenting opinion.

Justice TODD, dissenting.

I join Justice Saylor's erudite and thoughtful dissent in full. I write separately to emphasize the fact that the majority's construction of Pa.R.Crim.P. 588 ("Rule 588")—a rule of procedure drafted and promulgated by our Court—seemingly contravenes a fundamental tenet of our jurisprudence—namely that "[t]he rulemaking power of this court is not for the purpose of defining new rights of litigants but rather to provide the procedure by which established rights are to be effectuated." *Commonwealth v. Morris*, 565 Pa. 1, 771 A.2d 721, 737 (2001); *Commonwealth v. Fowler*, 451 Pa. 505, 304 A.2d 124, 127 (1973).

As Justice Saylor emphasizes, the right of property ownership is an important constitutional right which cannot be deprived by the government without the owner being afforded due process of law. The legislature, to augment the protections against unlawful taking of personal property by the government enshrined in our state and federal constitutions, has crafted a substantive legal framework in the Controlled Substances Forfeiture Act, 42 Pa.C.S. § 6801 ("Forfeiture Act"), and the Disposition of Abandoned and Unclaimed Property Act, 72 P.S. § 1301.1, *et. seq.* ("Unclaimed Property Act"), to limit the circumstances under which the Commonwealth may terminate a person's ownership interest in property in its

possession. These protections, in my view, are undermined by the majority's interpretation of Rule 588.

Pursuant to the Forfeiture Act, only money which has been furnished, or intended to be furnished, in exchange for a controlled substance in violation of the Controlled Substance, Drug, Device and Cosmetic Act ("CSDDCA") [1], or intended to be used to facilitate a violation of the CSDDCA, is subject to forfeiture thereunder. 42 Pa.C.S.A. § 6801(a)(6)(i)(A) and (B). Pending the institution of forfeiture proceedings, money "taken or detained under [the Forfeiture Act] shall not be subject to replevin, but is deemed to be **in the custody** of the law enforcement authority subject only to the orders and decrees of the court of common pleas having jurisdiction over the forfeiture proceedings." 42 Pa.C.S.A. § 6801(d) (emphasis added).[2] This legislative framework reflects the foundational principle that title for all property seized by the police during a search and seizure remains with the owner, unless and until the Commonwealth obtains an order of forfeiture from the Court of Common Pleas which has jurisdiction over such a proceeding. In the instant matter, the Commonwealth had the opportunity to file a petition for forfeiture of the $1,060.00 in cash in the Court of Common Pleas of Philadelphia within 2 years after police confiscated it from Appellee.[3] *See* 42 Pa. C.S.A. § 5524(5) (providing that an action upon a statute for a forfeiture must be commenced within 2 years). Had the Commonwealth done so, it would have been afforded an opportunity to demonstrate the required nexus between this money and a violation of the CSDDCA, so as to extinguish Appellee's property rights to the money, and Appellee would, concomitantly, have been able to contest the matter, and provide evidence related to this issue. *See Commonwealth v. $6,425.00,* 583 Pa. 544, 880 A.2d 523, 529 (2005).

1. 35 P.S. § 780–101, *et. seq.*

2. Section 6801(d)(2) allows the law enforcement authority to turn custody of the property over to the District Attorney.

3. I presume for purposes of this appeal that Appellee was the owner of the cash which was recovered from the vehicle in which Appellee was a passenger.

Accepting as true the assertions of the parties with respect to what transpired below, the Commonwealth did not commence a forfeiture proceeding within 2 years after seizure of Appellee's money; thus, under the plain terms of Section 6801(d), the Commonwealth, at present, continues to be merely the custodian of this money. The effect of the majority's interpretation of Rule 588, however, appears to be the creation of a new substantive right of ownership in the Commonwealth of seized property whenever a person from whom the property is seized by police fails, for whatever reason, to file a motion for return of property under Pa.R.Crim.P. 588 within a 30–day period after seizure, and, as here, neither criminal charges nor forfeiture proceedings are ever commenced by the Commonwealth.

From my perspective, the creation of such a right of ownership in the Commonwealth under these circumstances would contravene the Unclaimed Property Act, which from 2002–2014 required that, whenever money was held by a public officer, or political subdivision of the Commonwealth, and the rightful owner did not make a claim for its return within 5 years, the public officer or political subdivision became the custodian of the money for the 5–year period and did not, even after expiration of the 5–year period, acquire legal title thereto. *See* 72 P.S. § 1301.9(1) (West 2013) (providing that property held by a public officer or political subdivision for the owner, which the owner does not request returned, is "presumed abandoned and unclaimed" after a period of 5 years) [4]; *Id.,* § 1301.2(a) (providing that all abandoned and unclaimed property is "subject to the **custody and control** of the Commonwealth." (emphasis added)). Further, the Unclaimed Property Act requires that all property in the custody of a public officer or political subdivision which has become abandoned and unclaimed be physically transferred to our state Treasurer, who is obligated to publish annual lists of such property in order to facilitate an owner's claim for its return. *Id.,* §§ 1301.11–1301.13. Consequently, in the absence of a

4.  Effective July 10, 2014, the 5 year period was reduced to 3 years. *See* Act of July 10, 2014, P.L. 1053, § 7.

forfeiture proceeding or pending criminal matter, the money seized from Appellee should have been turned over to the Treasurer 5 years after it was seized from Appellee. However, apparently these procedures were not followed in this case.

Under these circumstances, then, the majority's restrictive construction of Rule 588, *de hors* its text, and in opposition to the principle that our Rules of Criminal Procedure should be administered in a manner as to secure fundamental fairness, *see* Pa.R.Crim.P. 101(B), has essentially foreclosed Appellee's ability to use the judicial process to seek return of his property, thereby effectively transferring legal title therein to the Commonwealth. Consequently, as the practical effect of the majority's interpretation is to bestow upon the Commonwealth a substantive right to the acquisition of seized property under these circumstances, contrary to the Forfeiture Act and the Unclaimed Property Act, it conflicts with the principle that our rules are to be construed only to **effectuate** the exercise of substantive rights, and not for the diminution of those rights. *Morris, Fowler, supra.*

I must, therefore, respectfully dissent.