J-S84026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SHAHIED I. JONES :
:
Appellant : No. 2363 EDA 2018

Appeal from the Order Entered June 29, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002298-2009

BEFORE: BENDER, P.J.E., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.: **FILED MAY 09, 2019**

Shahied I. Jones appeals from the order entered on June 29, 2018, denying his motion for return of property (motion) pursuant to Pennsylvania Rule of Criminal Procedure 588 (Rule 588). On appeal, Jones argues that the he did not give up the rights to his property merely because he untimely filed his motion. For the reasons discussed below, we affirm.

In February 2010, a jury convicted Jones of possession with intent to deliver cocaine. In addition, in February 2010, the Commonwealth moved for forfeiture of cash and a motor vehicle seized at the time of arrest. On March 8, 2010, the trial court sentenced Jones to 7 to 14 years' incarceration. Jones filed a timely appeal, which this Court dismissed when Jones failed to file a docketing statement. In April 2010, the court granted the motion for forfeiture.

Subsequently, Jones filed a timely petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"),[1] seeking restoration of his direct appeal rights. The trial court granted PCRA relief and Jones filed a timely notice of appeal. This Court affirmed the judgment of sentence on August 15, 2012. *Commonwealth v. Jones*, 60 A.3d 572 (Pa. Super. 2012) (unpublished memorandum). Jones did not seek leave to appeal to the Pennsylvania Supreme Court.

In October 2012, Jones filed a counseled motion for return of property, specifically jewelry, seized at the time of his arrest, pursuant to Pa.R.Crim.P. 588. The trial court denied his motion on December 7, 2012.[2] Jones did not file an appeal. However, Jones did move for reconsideration on December 17, 2012. The trial court denied the motion on December 19, 2012.

On July 6, 2015, Jones filed a second PCRA petition. The PCRA court dismissed the petition as untimely filed on October 19, 2015. This Court affirmed on August 15, 2016. *Commonwealth v. Jones*, 156 A.3d 336 (Pa. Super. 2016) (unpublished memorandum). The Pennsylvania Supreme Court

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] In denying the motion, the trial court found the motion was premature because Jones had "not exhausted all avenues of possible post trial relief that could conceivably lead to a new trial." Order, 12/06/2012, at 1. We note that this motion was filed and decided before *Commonwealth v. Allen*, 107 A.3d 709 (Pa. 2014), discussed *supra.*

J-S84026-18

denied leave to appeal on February 15, 2017. **Commonwealth v. Jones**, 166 A.3d 1229 (Pa. 2017).

On June 6, 2018, Jones filed a second counseled motion again seeking return of the jewelry. A hearing took place on June 26, 2018. On June 29, 2018, the trial court denied the motion. The instant, timely appeal followed.[3]

On appeal, Jones argues that the trial court erred in denying his motion for return of property pursuant to Pennsylvania Rule of Criminal Procedure 588.[4] Because Jones did not timely file his motion, we disagree.

_____

[3] On August 20, 2018, Jones filed a timely concise statement of errors complained of on appeal in response to the trial court's order. On August 24, 2018, the trial court issued an opinion.

[4] Pennsylvania Rule of Criminal Procedure 588 provides:

(A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

(B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

(C) A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.

Pa.R.Crim.P. 588.

- 3 -

Whether a motion for return of property filed more than eight years after Jones' judgment of sentence is timely, presents a question of law. Therefore, "our standard of review is *de novo*, and our scope of review is plenary." *Commonwealth v. Allen*, 107 A.3d 709, 714 (Pa. 2014).

Our Supreme Court addressed the timeliness of a motion for return of property under Rule 588 in *Allen*. In that case, the Commonwealth withdrew the charges against the defendant in 2002, and he filed a motion under Rule 588 in 2010. *Allen*, 107 A.3d at 711. As in the instant matter, the Commonwealth did not file a petition for forfeiture for the specific property at issue. *Id.* at 714. Our Supreme Court concluded that the defendant's "stand-alone" return motion was untimely and the issue waived because the defendant had not filed the motion while the trial court retained jurisdiction. *Id.* at 717. The Supreme Court acknowledged that Rule 588 does not address timeliness. *Id.* at 716. However, it held that

> Although Rule 588 does not directly address the question of timing, it is sufficiently precise with regard to who may file a return motion and where the motion must be filed to permit us to discern that a criminal defendant has an opportunity to file a motion seeking the return of property while the charges against him are pending. Specifically, return motions are filed by "a person aggrieved by a search and seizure" and must "be filed in the court of common pleas for the judicial district in which the court retains jurisdiction to modify or rescind any order within thirty days of its entry, if no appeal has been taken[.]

*Id.* at 716-717. The Supreme Court limited its holding on waiver to cases where the defendant's return motion was a stand-alone motion and not filed in response to a forfeiture petition. *Id.* at 717 n.9; *see also id.* at 715 n.7

- 4 -

(noting Commonwealth's concession that its filing of forfeiture petition waived any defense to defendant's return motion based on untimeliness or waiver); *accord Commonwealth v. Irland*, 193 A.3d 370, 380-381 (Pa. 2018) (distinguishing facts of that case, where Commonwealth pursued forfeiture, from facts and holding of *Allen* ).

Here, applying *Allen*, the trial court found that Jones waived his claim for return of the jewelry by not filing a motion for return within 30 days of March 8, 2010, the day he was sentenced.  Trial Court Opinion, 8/24/18, at 4.  We agree.  Jones did not file the instant motion until June 2018, by which time the trial court no longer had jurisdiction.[5]  Jones' failure to request that the court order the jewelry be returned while the court still had jurisdiction over his case resulted in waiver of his claim.  *Allen*, 107 A.3d at 718.  Thus, the court was therefore without jurisdiction to consider Jones' Rule 588 Motion, and did not err in denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/19

---

[5] Even if the date the trial court lost jurisdiction to modify the sentence was after Jones' reinstated appeal was denied, his judgment of sentence was confirmed by our Court on August 15, 2012.