J-S02015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMILCAR RIVAS-RIVERA | : | |
| | : | |
| Appellant | : | No. 377 MDA 2019 |

Appeal from the Order Entered February 14, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001714-2012

BEFORE:  BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED APRIL 15, 2020**

Appellant, Amilcar Rivas-Rivera, appeals *pro se* from the trial court's February 14, 2019 order denying his "Motion for Return of Property *Nun[c] Pro Tunc*" (hereinafter "Motion").  We affirm.

Briefly, on May 22, 2012, Appellant pled guilty to criminal trespass.  He was sentenced that same day to 1½ to 4 years' incarceration.  Appellant did not file post-sentence motions or a direct appeal.  Over four years later, on November 14, 2017, Appellant filed his *pro se* Motion, asking the court to direct the Commonwealth to return certain property, including a vehicle, camera, and cell phone, which he claimed had been seized from him when he was arrested on November 4, 2011.  The trial court conducted a hearing on Appellant's Motion on February 12, 2019.  At that proceeding, Appellant did not testify, or present any other witnesses or evidence, to establish his lawful ownership of the at-issue items.

On February 14, 2019, the court issued an order denying Appellant's Motion. The court reasoned that the Motion was untimely under **Commonwealth v. Allen**, 107 A.3d 709 (Pa. 2014). **See** Order, 2/14/19, at 2. Alternatively, the court determined that it could not afford Appellant relief because he "failed to offer any evidence in support of his petition[,]" thus leaving the court with "nothing upon which to conclude that [the] property was taken[,] or that it is still being held by some other entity." **Id.** at 3.

Appellant filed a timely, *pro se* notice of appeal. He also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On June 10, 2019, the court issued a Rule 1925(a) opinion, stating that it was relying on the rationale set forth in its February 14, 2019 order. Herein, Appellant states three issues for our review:

> 1. Because … [R]ule[] of Criminal Procedure[] 588 does not provide any time limit for filing a Motion for Return of Property…, did the trial court commit[] an error of law when dismissing Appellant's Motion … as untimely?
>
> 2. Because the Commonwealth never gave Appellant a timely [n]otification before selling and destroying his property[, d]id the [trial] court err[] by stating that Appellant has waived his [right to seek the return of the] property?
>
> 3. Because the case of **Commonwealth v. Irland**, [153 A.3d 469 (Pa. Cmwlth. 2017) ("**Irland I**"),] takes precedent over … **Allen**…[, d]id the trial court commit[] an error of law when making its decision pursuant to **Allen** instead of **Irland [I]**?

Appellant's Brief at 4.[1]

Initially, our review of Appellant's issues is limited to whether substantial evidence supports the trial court's findings of fact, and whether the court abused its discretion or committed an error of law. *See Singleton v. Johnson*, 929 A.2d 1224, 1227 n.5 (Pa. Cmwlth. 2007).[2]

> Pennsylvania Rule of Criminal Procedure 588 governs motions for the return of property, stating:
>
>> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.
>>
>> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.
>>
>> (C) A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.
>
> Pa.R.Crim.P. 588. The Commonwealth Court has explained the application of Rule 588 as follows:
>
>> Under this rule, on any motion for return of property, the moving party must establish by a preponderance of the

---

[1] We note that this Court granted Appellant an extension of time to file a reply brief, which he did on March 26, 2020. We incorporate the arguments he raises therein into our analysis.

[2] We recognize that decisions of the Commonwealth Court are not binding on this Court. *Commonwealth v. Thomas*, 814 A.2d 754, 758 n.2 (Pa. Super. 2002). However, we may elect to follow its decisions if we find the rationale persuasive. *Id.*

evidence entitlement to lawful possession. Once that is established, unless there is countervailing evidence to defeat the claim, the moving party is entitled to the return of the identified property. A claim for return of property can be defeated in two ways: an opposing party can establish that it, not the moving party, is entitled to lawful possession to the property or the Commonwealth can seek forfeiture claiming that property for which return is sought is derivative contraband. *Commonwealth v. Crespo*, 884 A.2d 960 (Pa. Cmwlth. 2005). To meet its burden to defeat the motion for return of property, the Commonwealth must make out more than simply demonstrating that the property was in the possession of someone who has engaged in criminal conduct. It must establish a specific nexus between the property and the criminal activity. *Commonwealth v. Howard*, … 713 A.2d 89 ([Pa.] 1998). When the Commonwealth sustains that burden, the burden of proof shifts to the property owner to disprove the Commonwealth's evidence or establish statutory defenses to avoid forfeiture.

*Beaston v. Ebersole*, 986 A.2d 876, 880–81 (Pa. Super. 2009) (quoting *Singleton*, 929 A.2d at 1227) (some citations omitted)).

In this case, Appellant's three issues are interrelated and, thus, we will address them together. He first contends that the trial court erred by deeming his Motion untimely because Rule 588 contains no time limitation. Appellant also insists that he was denied "due process in [the] forfeiture proceedings" because the Commonwealth never provided him "with adequate notice and an opportunity to be heard" before allegedly "selling and destroying his property." Appellant's Brief at 8, 9. Finally, Appellant argues that the trial court erred by finding his Motion untimely under *Allen*, because the Commonwealth Court's decision in *Irland I* "takes precedent" over *Allen*. *Id.* at 10.

- 4 -

Appellant's arguments are unconvincing. Initially, in ***Allen***, our Supreme Court explained that,

> [a]lthough Rule 588 does not directly address the question of timing, it is sufficiently precise with regard to who may file a return motion and where the motion must be filed to permit us to discern that a criminal defendant has an opportunity to file a motion seeking the return of property while the charges against him are pending. Specifically, return motions are filed by "a person aggrieved by a search and seizure" and must "be filed in the court of common pleas for the judicial district in which the property was seized." Pa.R.Crim.P. 588(A). Additionally, a return motion may be filed pre-trial and joined with a motion to suppress. ***Id.*** at 588(C). Pursuant to Rule 588, therefore, a return motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition. ***See*** 42 Pa.C.S. § 5505 (providing that a trial court retains jurisdiction to modify or rescind any order within thirty days of its entry, if no appeal has been taken).[9]
>
> ----
>
> [9] Although the Commonwealth makes a persuasive argument that return motions are also timely when they are filed in response to a petition for forfeiture, we make no comment on this assertion because it is not what occurred in this case.

***Allen***, 107 A.3d at 589. Accordingly, the Court held that Allen's "failure to file a return motion during the pendency of the criminal charges against him or within thirty days following dismissal of the charges results in waiver, precluding review of his stand-alone return petition." ***Id.*** at 591-92.

Here, Appellant claims that the at-issue property was seized on November 11, 2014, yet he does not explain why he could not have moved for its return during the pretrial proceedings, at the plea/sentencing hearing, or within 30 days after his sentence was imposed. Thus, under ***Allen***, he

waived his request for the return of his property, and the court did not err in denying his Motion.

Appellant's reliance on *Irland I* does not convince us otherwise.  First, the Commonwealth Court's decision in that case does not 'take precedent' over our Supreme Court's decision in *Allen*.  *See Zauflik v. Pennsbury Sch. Dist.*, 72 A.3d 773, 783 (Pa. Cmwlth. 2013) ("An opinion decided by a majority of our Supreme Court 'becomes binding precedent on the courts of this Commonwealth.'") (citation omitted).  Moreover, *Irland I*, and our Supreme Court's subsequent decision in *Commonwealth v. Irland*, 193 A.3d 370 (Pa. 2018) ("*Irland II*"), involved common law *forfeiture* in Pennsylvania.  *See Irland II*, 193 A.3d at 375.  While Irland had initiated the proceedings by filing a Rule 588 motion for the return of property, the Commonwealth had responded by filing a petition for the forfeiture of that property.  Notably, the *Irland II* Court found that the Commonwealth's filing of that forfeiture petition made the waiver holding of *Allen* inapplicable.  *See id.* at 377 n.9.

In this case, as in *Allen*, the defendant filed a stand-alone motion for the return of property, and there was no forfeiture petition filed by the Commonwealth, as in *Irland II*.  Accordingly, the trial court did not err in applying *Allen* and deeming Appellant's untimely request for the return of his property waived.  Additionally, because there was no forfeiture petition filed, Appellant's allegation that the Commonwealth violated the due process requirements of forfeiture is meritless.

Finally, we note that, even if Appellant's Motion had been timely filed, we would agree with trial court that he failed to prove, by a preponderance of the evidence, that the Commonwealth seized any of his property, let alone that he is entitled to lawful possession thereof. ***See Beaston, supra***. Appellant did not testify at the hearing on his Motion, nor present any other evidence to support it. According, we would affirm the court's order denying his Motion on that basis, as well.

Order affirmed.

Judgment Entered.

![signature]

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/15/2020