J-S05023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DUANE LEE FREY | : | |
| | : | |
| Appellant | : | No. 948 MDA 2019 |

Appeal from the Order Entered April 29, 2019,
in the Court of Common Pleas of York County,
Criminal Division at No(s): CP-67-CR-0005052-2002.

BEFORE: SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY KUNSELMAN, J.: **FILED: APRIL 20, 2020**

Duane Lee Frey appeals *pro se* from the order dismissing his motion for return of property. We affirm.

The pertinent facts and procedural history are as follows. On June 18, 2002, police charged Frey with murder. As part of their investigation, police executed a search warrant and seized firearms and other items from Frey's residence and vehicle. At the conclusion of trial on April 25, 2003, a jury convicted Frey of fist-degree murder and related charges. On May 19, 2003, the trial court imposed an aggregate sentence of life in prison. On January 21, 2005, we denied his timely appeal and, on December 30, 2005, our Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Frey***, 872 A.2d 1270 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 890 A.2d 1056 (Pa. 2005). Frey unsuccessfully sought post-

conviction relief via PCRA petitions filed in 2006 and 2010. Frey unsuccessfully sought relief from the federal court system during this same time.

On November 27, 2018, Frey filed a petition for return of property. On April 29, 2019, the trial court dismissed the motion for lack of jurisdiction. This timely appeal followed. Both Frey and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Frey claims that police illegally seized the items at issue, and that due to constitutional violations he was not provided notice of the time restrictions regarding the filing of a motion to seek the return of his property. *See* Frey's Brief at 4. Before addressing the claims, however, we must determine whether the trial court erred in finding it had no jurisdiction to consider Frey's motion, because it was untimely.

Whether a motion for return of property is timely presents a question of law. Therefore, "our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Allen*, 107 a.3d 709, 714 (Pa. 2014). Regarding the timeliness of a motion for return of property filed pursuant to Rule 588 of the Pennsylvania Rules of Criminal Procedure, this Court has recently summarized:

> "[A] return motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition." *Commonwealth v. Allen*, 630 Pa. 577, 107 A.3d 709, 717 (2014) (citing 42 Pa.C.S.A. § 5505 (providing that a trial court retains jurisdiction to modify or rescind any order within thirty days of its entry, if no appeal is taken)). Thus, in *Allen* our Supreme Court held that a defendant may move for the

return of property during the pendency of the criminal proceedings, or while the trial court retains jurisdiction for thirty days following its disposition of the criminal case. *See id*.

*Commonwealth v. Rodriguez*, 172 A.2d 1162, 1164 n.10 (Pa. Super. 2017). In *Allen*, our Supreme Court limited its holding to cases where the defendant's motion for return of property was a "stand alone" motion, *i.e.*, not filed in response to the Commonwealth's forfeiture petition. *Allen*, 107 A.3d at 717 n.9.

Here, the Commonwealth did not file a forfeiture petition. Thus, the trial court denied Frey's "stand alone" motion for return of property because Frey did not file it during the pendency of the criminal proceedings or thirty days following the trial court's disposition of his criminal case. Instead, Frey filed it over fourteen years after his conviction and sentence. *See* Order, 4/29/19 at 1 (citing *Allen*, *supra*). Because Pennsylvania precedent supports the trial court's finding that it lacked jurisdiction, we affirm the court's order denying Frey's motion for return of property. *See*, *e.g.*, *Commonwealth v. Setzer*, 392 A.2d 772 (Pa. Super. 1978).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/20/2020

- 3 -