J-A05027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: DORIAN TISDALE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: DORIAN TISDALE | : | No. 446 EDA 2023 |

Appeal from the Order Entered February 17, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-MD-0004414-2022

BEFORE: DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                                     **FILED MAY 22, 2024**

Appellant, Dorian Tisdale, appeals from the order entered in the Philadelphia County Court of Common Pleas, denying his motion for return of property under Pa.R.Crim.P. 588.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On October 18, 2022, Appellant filed a motion seeking the return of property.  Specifically, Appellant sought the return of a firearm that police seized from him on March 5, 2022, when Appellant was arrested and charged with two counts each of recklessly endangering another person ("REAP"), simple assault, and possessing instruments of crime ("PIC").  The facts of the March

_____

[1] "Both this Court and the Commonwealth Court have jurisdiction to decide an appeal involving a motion for the return of property filed pursuant to Pa.R.Crim.P. 588."  **Commonwealth v. Durham**, 9 A.3d 641, 642 n.1 (Pa.Super. 2010), *appeal denied*, 610 Pa. 583, 19 A.3d 1050 (2011).

5, 2022 incident involved Appellant having a confrontation with tenants at one of Appellant's rental properties. According to the tenants, Appellant had threatened to evict them for failure to pay rent and brandished his firearm during the interaction. The Commonwealth ultimately withdrew the charges against Appellant on August 23, 2022.[2]

The court held a hearing on the motion for return of property on February 17, 2023, during which Appellant testified. At the conclusion of the hearing, the court denied Appellant's motion. Appellant timely filed a notice of appeal that day. Also on that day, the court ordered Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b), within 21 days. On April 19, 2023, Appellant's counsel filed a motion seeking an extension of time to file his concise statement, explaining why counsel had failed to file the statement sooner, and attaching a late Rule 1925(b) statement for the court's consideration. Because the trial court did not consider the extension request and had initially deemed all appellate issues waived for failure to comply with the court's order, this Court remanded for the trial court to consider the extension request and to issue a supplemental Rule 1925(a) opinion. The trial

---

[2] Although the criminal dockets related to Appellant's charges were not originally included in the certified record for this appeal, following a directive from this Court, the Commonwealth has provided us with the relevant dockets. The dockets confirm that the Commonwealth charged Appellant at docket No. MC-51-CR-0003645-2022 and docket No. MC-51-CR-0003646-22, with one count of simple assault, REAP, and PIC at each docket. The Commonwealth withdrew the charges at both dockets on August 23, 2022, because the complaining witnesses failed to appear.

court complied with our directive, granted Appellant's extension request, and issued a supplemental opinion addressing the issue on appeal.

Appellant raises one issue for our review:

> Did the [trial] court commit an error of law in finding that Appellant was not entitled to the return of his firearm because he was not licensed/had lawful possession at the time of his arrest?

(Appellant's Brief at 4).

As a preliminary matter, our Supreme Court has explained:

> Although Rule 588 does not directly address the question of timing, it is sufficiently precise with regard to who may file a return motion and where the motion must be filed to permit us to discern that a criminal defendant has an opportunity to file a motion seeking the return of property while the charges against him are pending. Specifically, return motions are filed by "a person aggrieved by a search and seizure" and must "be filed in the court of common pleas for the judicial district in which the property was seized." Pa.R.Crim.P. 588(A). Additionally, a return motion may be filed pre-trial and joined with a motion to suppress. ***Id.*** at 588(C). **Pursuant to Rule 588, therefore, a return motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition**. ***See*** 42 Pa.C.S. § 5505 (providing that a trial court retains jurisdiction to modify or rescind any order within thirty days of its entry, if no appeal has been taken).
>
> Appellee, therefore, had the opportunity to move for return of the Property during the pendency of the criminal proceedings, or while the trial court retained jurisdiction for thirty days following the dismissal of charges. Although Appellee claims that he had no opportunity to file a return motion during the pendency of the criminal proceedings against him because the Commonwealth dismissed the charges, he has indicated no impediment precluding him from filing the return motion prior to dismissal of the charges or during the thirty-day period during which the trial

court retained jurisdiction following dismissal. Contrary to Appellee's suggestion, Rule 588 does not require a trial as the triggering event for a return motion. Rather, the rule provides that "a person aggrieved by a search and seizure" may file a return motion. It is the search and seizure of the property, therefore, that triggers the ability to move for return of the seized property. Because Appellee was held for trial on February 15, 2002, he had until thirty days following dismissal of the charges, or December 8, 2002, to move for return of the Property. Having failed to do so, he has waived any entitlement to the return of property under Rule 588.

*Commonwealth v. Allen*, 630 Pa. 577, 589-90, 107 A.3d 709, 716-17 (2014) (internal footnotes omitted) (emphasis added) (holding that appellee's failure to file motion for return of property during pendency of criminal charges against him or within 30 days following withdrawal of charges results in waiver, precluding review of his stand-alone motion for return of property).[3]

Instantly, the Commonwealth withdrew the charges against Appellant on August 23, 2022. Thus, Appellant had until September 22, 2022 to file a timely motion for return of property. *See id.* Appellant did not file his current motion until October 18, 2022, almost one month late. Therefore, Appellant waived his right to seek return of the seized property under Rule 588.[4] *Id.*

---

[3] The procedural history set forth in *Allen* indicates that the Commonwealth withdrew the charges against the appellee by *nolle prosequi*. *See id.* at 581, 107 A.3d at 711. The Court refers to the "withdrawal" and/or "dismissal" of the charges interchangeably for purposes of its analysis.

[4] We recognize that *Allen* expressly limited its ruling to situations "where the property owner is the criminal defendant, and had an opportunity to move for the return of property during the thirty days following disposition of the
*(Footnote Continued Next Page)*

Accordingly, we affirm.[5]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date:  5/22/2024

---

charges, while the trial court had jurisdiction." ***See id.*** at 591 n.10, 107 A.3d at 717 n.10.  Because Appellant was the criminal defendant in the underlying case (as opposed to a third-party moving for the return of property), the holding in ***Allen*** applies here.

[5] "We may affirm the trial court's determination on any grounds, even where those grounds were not suggested to or known by the trial court." ***Commonwealth v. Gatlos***, 76 A.3d 44, 62 n.14 (Pa.Super. 2013).