**COMMONWEALTH of Pennsylvania**

v.

**Marcos PENA, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 10, 2000.

Decided April 11, 2000.

Marcos Pena, appellant, pro se.

Theodore R. Racines, Allentown, for appellee.

Before COLINS, J., McGINLEY, J., and JIULIANTE, Senior Judge.

COLINS, Judge.

Marcos Pena, proceeding pro se, appeals the order of the Court of Common Pleas of Lehigh County denying his motion for return of property brought pursuant to R.Crim. P. 324.

Allentown Police arrested Pena in March 1994 after he sold cocaine to undercover officers. After his arrest, Pena consented to a search of his apartment that turned up $22,511 in United States curren-

cy tainted with a controlled substance. The money was forfeited by trial court order dated May 18, 1994 in a proceeding docketed at 152–M/1994 and captioned, *In re: $22,511.00 in United States Currency*. Pena served time in a state correctional institution after pleading guilty to the charge of delivery of a controlled substance in August 1996.

Pursuant to R.Crim. P. 324, Pena filed a pro se motion for return of property in October 1998 requesting the return of $23,700 in "life savings" "seized" at his arrest.[1] He filed the motion under the court's docket number 1994/903, which pertained to his criminal charges and conviction. In his brief in support of his motion, Pena alleged that return of the money was a condition of his plea agreement and that the money could not now be forfeited because the two-year statute limitations had run on money seized five years earlier. The trial court dismissed Pena's motion on the ground that he failed to establish entitlement to lawful possession of money, which had already been forfeited. On appeal[2] to this Court, Pena argues that the trial court erred in denying his motion for return of property because the Commonwealth forfeited his property without notifying him, thereby denying him the right to appear and to oppose the forfeiture.

Pena filed his motion pursuant to R.Crim. P. 324, which provides that "[a] person aggrieved by a search and seizure ... may move for return of the property on the ground that he is entitled to lawful possession thereof." A review of the hearing transcript reveals that the property in question was ordered forfeited in March 1994 in a separate proceeding. Under the Judicial Code, forfeiture of property to the Commonwealth extinguishes the former owner's property rights. 42 Pa.C.S. § 6801. The trial court did not err in dismissing Pena's motion on the ground that he failed to establish that he was entitled to lawful possession.

To the extent that Pena argues that his motion should have been granted on the ground that he was denied due process in the 1994 forfeiture action, that claim cannot be raised in a motion for return of property under R.Crim. P. 324.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 11th day of April 2000, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is affirmed.

---

1. The record does not explain the discrepancy between the amount of money forfeited and the amount requested in Pena's motion for return of property.

2. Our review of a trial court's decision on a petition for the return of property is limited to determining whether the trial court's findings are supported by competent evidence and whether the trial court abused its discretion or committed an error of law. *In re One 1988 Toyota Corolla*, 675 A.2d 1290 (Pa.Cmwlth. 1996).