IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
 :
        v.                 : No. 781 C.D. 2016
 : Submitted: September 22, 2017
$997.00 ex rel Craig Woodard,   :
            Appellant   :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI          FILED: November 20, 2017


Craig Woodard (Woodard) appeals, *pro se*, an order of the Court of Common Pleas of Philadelphia County (trial court) denying as untimely his motion for the return of $997.00 in United States currency, which was seized at the time of his arrest under the Controlled Substances Forfeiture Act (former-Forfeiture Act).[1]

---

[1] The former-Forfeiture Act, 42 Pa.C.S. §§ 6801–6802, was repealed effective June 29, 2017, by the Act of June 29, 2017, P.L. 247, No.13 (Act 13), which extensively revised, *inter alia*, forfeiture law. However, because all relevant facts pertaining to this matter occurred prior to the former-Forfeiture Act's repeal, this appeal is governed by the then-existing provisions of the former-Forfeiture Act.

**I.**

On November 20, 2008, Philadelphia police officers stopped a vehicle in which Woodard was riding as a passenger and arrested him due to an outstanding warrant. During a search incident to arrest, seven bags of cocaine, three bags of crack and $997.00 cash were found on his person and seized.

Prior to Woodard's criminal trial, the Commonwealth filed a motion for forfeiture of property, averring that the $997.00 seized was used to facilitate a violation of the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act (Act).[2] Because Woodard did not respond to that petition and failed to appear at the forfeiture hearing, on June 2, 2009, the property at issue was forfeited by default judgment. (*See* Commonwealth's Brief at Appendix A.)

Following a bench trial, on July 30, 2009, Woodard was found guilty of Possession of Controlled Substances with Intent to Deliver[3] and sentenced to two to seven years' incarceration. On August 4, 2009, Woodard filed a post-sentence motion which was denied on December 3, 2009. Woodard did not file a motion seeking the return of the $997.00 that was seized from him during his arrest, either while his criminal charges were pending or within 30 days following his conviction. *See* Pa. R.Crim.P. 588.[4] On December 8, 2009, Woodard appealed

---

[2] Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§ 780-101 – 780-144.

[3] Section 113(a)(16)&(30) of the Act, 35 P.S. § 780-113(a)(16)&(30).

[4] Pa. R.Crim.P. 588 provides, in relevant part:

**(Footnote continued on next page…)**

2

to our Superior Court, which affirmed the judgment of sentence on December 29, 2010. Woodard then petitioned for allowance of appeal, which was later denied.

While Woodard's petition for allowance of appeal was pending, on March 18, 2011, he filed a "Petition for Return of Property" (return motion) for the $997.00 seized from him when he was arrested. On April 21, 2016, a hearing was held before the trial court.[5]

Before the trial court, the Commonwealth submitted a motion to dismiss because Woodard's return motion was not filed within 30 days of his conviction as required by Pa. R.Crim.P. 588. However, further testimony revealed that Woodard's return motion was actually attempting to open the default forfeiture judgment because he allegedly never received notice of the forfeiture hearing.

---

**(continued…)**

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.
>
> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

[5] Neither the Commonwealth nor Woodard explained why it took more than five years to hold a hearing for the return motion.

THE COURT: [The Commonwealth] is asking I dismiss [your motion] because the law requires you to file a motion for return of property 30 days after your case is disposed. Your case was disposed in 2009, and a forfeiture was granted in June of 2009. Was that formally reopened?

[COMMONWEALTH]: When they file the return of property petitions, we either construe it as evidence of [return of property] or motion to vacate.

THE COURT: Okay.

* * *

THE COURT: So her position is, since you were more than 30 days, approximately 2 years after your case was disposed of that the law says her motion to dismiss should be granted. Do you understand that?

THE PETITIONER: Yes, but I thought I was supposed to receive some type of notice that it was a forfeiture, I never received nothing.

THE COURT: You were never given service of the original notice of default?

THE PETITIONER: No.

* * *

THE COURT: So you didn't know about the default in June of 2009?

THE PETITIONER: No.

* * *

[COMMONWEALTH]: And your Honor, I don't have a copy of the green card but our records stated that we were successful in serving him by certified mail of the petition for forfeiture.

4

THE COURT: Well, I don't want to get into those niceties. I won't consider [Woodard's motion a] motion to vacate, I'll consider it an original motion for return of property and I see no reason to excuse the laches involved, so it's untimely, and the motion to dismiss is granted.

(Notes of Testimony (N.T.) 04/21/2016 at 4-6.)[6] On the same day, the trial court dismissed Woodard's return motion as untimely. This appeal followed.[7]

## II.

On appeal, Woodard again contends that the trial court erred in dismissing his return motion because he was never provided notice of the Commonwealth's petition for forfeiture. In other words, despite being styled a "return" motion, what Woodard is actually seeking – and was seeking below – is to vacate the default forfeiture judgment that he allegedly was never notified about. Notwithstanding the substance of his allegations, the trial court concluded that

---

[6] In its 1925(a) Opinion, the trial court further explained that Woodard's stand-alone return motion was untimely because he "was arrested on November 20, 2008, and was convicted and sentenced on July 30, 2009, [and] he was required to submit his claim to the trial court between those dates or include it in or file it with the post sentence motion he did file." (Trial Court's 1925(a) Opinion at 9.) "Since [Woodard] did not allege anything to indicate there were impediments precluding him from filing the return motion timely, the court . . . had no choice but to deny it as untimely." (*Id.* at 10.)

[7] Our review of a trial court's decision on a petition for the return of property is limited to determining whether the trial court's findings are supported by competent evidence and whether the trial court abused its discretion or committed an error of law. *In re One 1988 Toyota Corolla*, 675 A.2d 1290 (Pa. Cmwlth. 1996).

5

Woodard filed an untimely return motion and, consequently, did not accept evidence of whether Woodard was provided notice of the forfeiture proceeding.[8]

While return and forfeiture proceedings have been described as the "mirror image" of one another, it is well-settled that the two proceedings are distinct, and the filing of one proceeding does not automatically initiate the other. *See In re One 1988 Toyota Corolla (Blue Two-Door Sedan) Pa. License TPV 291*, 675 A.2d 1290, 1295 (Pa. Cmwlth. 1996). The reason these proceedings are treated as distinct is because return motions are governed by Rule 588(a) of the Pa. R.Crim.P., which requires "[a] person aggrieved by a search and seizure . . . [to] move for the return of the property on the ground that he or she is entitled to lawful possession thereof[,]" whereas forfeiture motions are governed by the Forfeiture Act[9] which declares "proceedings for the forfeiture . . . of property . . . shall be in rem, in which the Commonwealth shall be the plaintiff **and the property the**

---

[8] As the Commonwealth points out in its brief, strictly speaking, a motion for return is an improper vessel for challenging a final default forfeiture because forfeiture extinguishes the former owner's property rights. *See* former-Forfeiture Act, 42 Pa.C.S. § 6801; Act 13, 42 Pa.C.S. § 5802(6)(i); *Commonwealth v. Pena*, 751 A.2d 709, 710 (Pa. Cmwlth. 2000). Moreover, a return motion in this matter would be untimely because, as the trial court correctly reasoned, Woodard's failure to file a return motion during the pendency of the criminal charges against him or within 30 days following his conviction, precludes review of his stand-alone return petition. *See Commonwealth v. Allen*, 107 A.3d 709 (Pa. 2014). Accordingly, for Woodard to challenge the forfeiture of his property, the 2009 default forfeiture judgment must be vacated.

[9] The newly enacted Forfeiture Procedure, as set forth in 42 Pa.C.S. § 5805(a), echoes the relevant language of the former-Forfeiture Act and provides, in pertinent part, "The proceedings for the forfeiture or condemnation of property, the sale of which is provided for in this chapter, shall be *in rem*, in which the Commonwealth shall be the plaintiff and the property the defendant."

**defendant**."  Section 6802 of the former-Forfeiture Act, 42 Pa. C.S. § 6802(a) (emphasis added).

Significantly, the former-Forfeiture Act requires that the party seeking forfeiture "shall" serve a copy of the petition personally or by certified mail on the owner and provides for a hearing in which the property owner can respond to the Commonwealth's evidence.  42 Pa.C.S. §§ 6802(b)&(j).[10]  "[N]otice and [an] opportunity to be heard are integral to forfeiture proceedings." *Commonwealth v. Mosley*, 702 A.2d 857, 860 (Pa. 1997).  Absent these procedural safeguards, we "cannot assume that the defendant would have acquiesced to the forfeiture proceedings." *Commonwealth v. Smith*, 757 A.2d 354, 359 (Pa. 2000).

Woodard's allegation, if accepted as true, demonstrates a deprivation of due process that would require vacating the default forfeiture judgment. Woodard has waived his ability to file a stand-alone return petition pursuant to Pa. R.Crim.P. 588 because he failed to file a return motion during the pendency of the criminal charges against him or within 30 days following his conviction.  *See Allen*, 107 A.3d at 718.  Notwithstanding, under the former-Forfeiture Act,[11] he

---

[10] The forfeiture procedure enacted through Act 13 similarly provides that a copy of the forfeiture petition "shall be served personally or by certified mail on the owner, if known, and on each person in possession at the time of the seizure, if known."  42 Pa.C.S. § 5805(b)(1).

[11] Similar to the former-Forfeiture Act, 42 Pa.C.S. § 5805(f) provides:

> **(f) Release of seized property pending conclusion of proceedings.--**
>
> (1) A claimant to property subject to forfeiture is permitted to seek the immediate release of seized property if:

**(Footnote continued on next page…)**

7

still had a right to "present[] a petition" after which "the court may order the property returned or delivered to the claimant."  42 Pa.C.S. § 6802(k).[12]  Likely, for this reason, even the Commonwealth in *Allen* conceded:

**(continued…)**

        (i) the claimant has a possessory interest in the property;

* * *

    (2) The following shall apply:

        (i) The claimant under paragraph (1) may file a motion in the court of common pleas in which the forfeiture petition has been filed or, if no forfeiture petition has been filed, in the court of common pleas in the jurisdiction in which the property was seized.  The motion shall be served upon the district attorney or Attorney General who has jurisdiction over the case.

        (ii) The motion described in this subsection shall set forth the basis on which the requirements of paragraph (1) have been met.

        (3) If the Commonwealth establishes that the claimant's motion is meritless, the court shall deny the motion.  In response to a motion under this subsection, the Commonwealth may, in appropriate cases, submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial.

42 Pa.C.S. § 5805(f).

[12] Section 6802(k) provides:

    (k) Court-ordered release of property.--If a person claiming the ownership of or right of possession to or claiming to be the holder of a chattel mortgage or contract of conditional sale upon the property, the disposition of which is provided for in this section,

**(Footnote continued on next page…)**

> [W]hen it files a forfeiture petition in response to an untimely motion for return of property, **or when the return motion is filed in response to its forfeiture petition**, it is waiving the defenses of untimeliness or waiver by claiming ownership of the subject property and asking the court to adjudicate the merits of its claim.

*Id.* at 715 n.7 (citations omitted, emphasis added).[13]

Where a return of property motion has not been filed, then a person who is identified as the owner of the property sought to be forfeited may oppose the forfeiture and, if successful, obtain the return of his or her property. In this case, if the default proceeding is reopened because he never received notice, then

_____

**(continued…)**

> prior to the sale presents a petition to the court alleging over the property lawful ownership, right of possession, a lien or reservation of title and if, upon public hearing, due notice of which having been given to the Attorney General or the district attorney, the claimant shall prove by competent evidence to the satisfaction of the court that the property was lawfully acquired, possessed and used by him or, it appearing that the property was unlawfully used by a person other than the claimant, that the unlawful use was without the claimant's knowledge or consent, then the court may order the property returned or delivered to the claimant. Such absence of knowledge or consent must be reasonable under the circumstances presented. Otherwise, it shall be retained for official use or sold in accordance with section 6801(e) or 6801.1(f).

42 Pa.C.S. § 6802(k).

[13] While our Supreme Court has not commented on the Commonwealth's position relating to responsive return motions, it acknowledged the argument as "persuasive." *Allen*, 107 A.3d at 717 n.9.

Woodard would be able to oppose the forfeiture and, if successful, be entitled to the property.

Accordingly, because defective notice of the forfeiture proceeding would necessitate vacating the default judgment entered against the $997.00 seized from Woodard, we vacate and remand the matter to the trial court to take evidence and make findings as to whether notice was provided and, if notice was not provided, conduct a hearing on the Commonwealth's forfeiture motion.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Commonwealth of Pennsylvania | : |
| | : |
| v. | : No. 781 C.D. 2016 |
| | : |
| $997.00 ex rel Craig Woodard, | : |
| Appellant | : |

# **O R D E R**

AND NOW, this 20th day of November, 2017, it is hereby ordered that the order of the Court of Common Pleas of Philadelphia County (trial court) filed on April 21, 2016, is vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion.

Jurisdiction relinquished.

_____
DAN PELLEGRINI, Senior Judge

Commonwealth of Pennsylvania    :
    :
        v.    :
    :
$997.00 ex rel Craig Woodard,    :  No. 781 C.D. 2016
            Appellant    :  Submitted: September 22, 2017


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE COVEY                      FILED: November 20, 2017


I respectfully dissent from the Majority's conclusion that "despite being styled a 'return' motion, what [Craig Woodard (]Woodard[)] is actually seeking – and was seeking below – is to vacate the default forfeiture judgment that he allegedly was never notified about." Majority Op. at 5. The Majority states that it bases its conclusion on "the substance of [Woodard's] allegations[.]" *Id.* However, Woodard's "**PETITION FOR RETURN OF PROPERTY**" is a boilerplate return motion that alleges nothing more than the seizure's date and location, the arresting police officer's name, that Woodard was the seized property's lawful owner, and that he did not consent to its seizure. Woodard Return Motion at 1. Woodard does not allege nor is there any mention of the forfeiture, let alone a request for opening the forfeiture judgment.[1]

---

[1] Moreover, Woodard's proposed order attached thereto requests only that "the property . . . be returned[;]" there is no mention or reference to open or vacate the forfeiture judgment. Woodard Return Motion at 4.

As the Majority explained: "While return and forfeiture proceedings have been described as the 'mirror image' of one another, **it is well-settled that the two proceedings are distinct, and the filing of one proceeding does not automatically initiate the other**."[2]   Majority Op. at 6 (emphasis added).   The Majority expounded:

> [S]trictly speaking, **a motion for return is an improper vessel for challenging a final default forfeiture because forfeiture extinguishes the former owner's property rights**.  *See* former-Forfeiture Act, 42 Pa.C.S. § 6801; Act 13, 42 Pa.C.S. § 5802(6)(i); *Commonwealth v. Pena*, 751 A.2d 709, 710 (Pa. Cmwlth. 2000).   Moreover, a return motion in this matter would be untimely because, as the trial court correctly reasoned, Woodard's failure to file a return motion during the pendency of the criminal charges against him or within 30 days following his conviction, precludes review of his stand-alone return petition.  *See Commonwealth v. Allen*, 107 A.3d 709 (Pa. 2014). Accordingly, **for Woodard to challenge the forfeiture of his property, the 2009 default forfeiture judgment must be vacated**.

Majority Op. at 6 n.8 (emphasis added).

---

[2] Further,

> [a Return] Motion and the Forfeiture Petition are separate actions having different burdens of proof.  A motion for return of property should not be granted unless the movant has presented the trial court with credible evidence of ownership of or entitlement to the property being requested.  A forfeiture petition is dependent upon whether the property is contraband, and the Commonwealth bears the burden of proving that the property is contraband.

*Commonwealth v. Harris* (Pa. Cmwlth. No. 2263 C.D. 2010, filed October 27, 2011), slip op. at 5 n.3.  We acknowledge that this Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent."   Section 414 of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414.

The Dissent believes that *Pena* is controlling. In *Pena*, as here, Pena filed a motion for return of property after a forfeiture of the property had already occurred. Pena claimed he never received notice of the forfeiture. Because the property's forfeiture to the Commonwealth extinguishes the former owner's property rights, the *Pena* Court determined that the trial court properly dismissed Pena's return motion on the ground that he failed to establish that he was entitled to lawful possession. The *Pena* Court further held: "To the extent that Pena argues that his motion should have been granted on the ground he was denied due process in the [] forfeiture action, that claim cannot be raised in a motion for return of property under [Pennsylvania Rule of Criminal Procedure] 324." *Id.* Thus, in the instant case, in order for Woodard to present his due process claim, he must file a motion to open the forfeiture judgment and proceed accordingly. It is not this Court's prerogative to ignore binding precedent or bypass proper, well-established procedure.[3] Nor may this Court redesignate the title and contents of a party's pleading.

Moreover, as the Majority stated, our standard of review "is limited to determining whether the trial court's findings are supported by competent evidence and whether the trial court abused its discretion or committed an error of law. *In re One 1988 Toyota Corolla*, 675 A.2d 1290 (Pa. Cmwlth. 1996)." Majority Op. at 5 n.7. Here, the trial court's order is supported by competent evidence and the trial court did not abuse its discretion or commit an error of law. Accordingly, I would affirm the trial court's order.

_____
ANNE E. COVEY, Judge

---

[3] The Majority appears to rely on the Commonwealth's statement: "When they file the return of property petitions, we either construe it as evidence of [return of property] or motion to vacate[,]" as support for its determination. Majority Op. at 4. However, the Commonwealth's statements are not controlling. The Commonwealth, like this Court, is not at liberty to ignore binding precedent or bypass proper, well-established procedure.