J-S53011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN BAATZ | : | |
| | : | |
| Appellant | : | No. 1558 EDA 2019 |

Appeal from the Order Entered April 29, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-MD-0002886-2017

BEFORE:  OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 17, 2020**

Appellant, Justin Baatz, appeals from the order entered on April 29, 2019.  We affirm.

The trial court ably summarized the underlying facts and procedural history of this case.  We quote, in part, from the trial court's opinion:

> [Appellant] filed a Motion for Return of Property[, ostensibly under Pennsylvania Rule of Criminal Procedure 588,[1]] on

_____

[1] Pennsylvania Rule of Criminal Procedure 588 provides:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.
>
> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the

November 6, 2017. In this motion, [Appellant] sought the return of his [nine-millimeter] Ruger handgun that was used in the [2017] killing of [Alberto] Montanez. An evidentiary hearing was conducted on the [] matter on February 1, 2018. At the hearing the Commonwealth presented the testimony of Detective Joseph Vazquez[, of the Lehigh County Homicide Task Force. Appellant] did not testify on his own behalf.

The testimony at the hearing revealed that on August 16, 2017, Detective [Vazquez] became involved in a murder investigation. Specifically, [Appellant] had called the authorities on this day to advise them that he had shot Alberto Montanez in the 1100 block of Allen Street, Allentown, Lehigh County, Pennsylvania. The victim was [35] years old. He was the current boyfriend of [Appellant's] former girlfriend, with whom [Appellant] has a [13-year-old] daughter. The victim was seated in his vehicle at the time of the shooting. When members of the Allentown Police Department arrived on scene, they observed a weapon located in between the victim's legs in the vehicle. [Appellant] surrendered the firearm that he used to kill the victim to the authorities on that day.

As part of the investigation, Detective Vazquez spoke with a witness, who was a friend of [Appellant]. The witness indicated that he and [Appellant] were walking, when suddenly the victim pointed a gun at them. The witness stated that he took cover, while [Appellant] fired a gun into the victim's vehicle. Authorities located [15] casings within the victim's vehicle. Detective Vazquez explained that the presence of the casings within the vehicle established that [Appellant] had to have placed the firearm within the vehicle when he discharged it. Detective Vazquez also tried to interview [Appellant], but he invoked his rights to remain

---

motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

(C) A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.

Pa.R.Crim.P. 588.

silent. [Appellant] maintained that he fired at and killed the victim in self-defense. As the Commonwealth could not disprove a claim of self-defense, no charges were brought against [Appellant]. [Appellant] had a valid license to carry at that time, and he has no prior record that would disqualify him from possessing a firearm.

After the evidentiary hearing, [the trial court] denied [Appellant's] Motion for Return of Property [on February 1, 2018].

Trial Court Opinion, 5/30/19, at 1-3.

Appellant filed a notice of appeal from the trial court's February 1, 2018 order and, on November 20, 2018, this Court affirmed the order on the merits. **Commonwealth v. Baatz**, 201 A.3d 863 (Pa. Super. 2018) (unpublished memorandum) at 1-5. Within the memorandum, we held that the trial court did not err when it denied Appellant's Motion for Return of Property because, during the hearing, Appellant "did not present any evidence indicating that he was the owner of the handgun, or that he could lawfully possess the handgun." **Id.** at 4.

On March 20, 2019, Appellant filed with the trial court, a "Motion to Reconsider Order Denying Return of Property *Nunc Pro Tunc*" (hereinafter "Motion for Reconsideration"). The trial court denied Appellant's Motion for Reconsideration on March 22, 2019 and Appellant did not file a notice of appeal from this order. Trial Court Order, 3/22/19, at 1.

On April 26, 2019, Appellant filed a "Petition for Return of Property." Appellant's "Petition for Return of Property," 4/26/19, at 1-3. Within this petition, Appellant again requested that the trial court grant him relief in the

form of the return of his nine-millimeter handgun. Moreover, Appellant attached the following to his petition: an affidavit, sworn by him, that he owns the handgun; a copy of the purchase receipt of the handgun; and, a receipt from the store where he purchased the handgun. ***See id.*** at 2 and attachments.

The trial court denied Appellant's petition on April 30, 2019 and Appellant filed a timely notice of appeal to this Court. Appellant raises one claim on appeal:

> Whether the trial court abused its discretion in denying Appellant's second Motion for Return of Property supported by newly discovered proof of ownership?

Appellant's Brief at 3.

On appeal, Appellant claims that he is entitled to the return of his property under Pennsylvania Rule of Criminal Procedure 588. Appellant's Brief at 11. This is incorrect. In the case at bar, the Commonwealth never filed charges against Appellant – and no criminal action against Appellant was ever pending. Therefore, Appellant could not file a motion and proceed under a rule of criminal procedure to obtain the return of his property when no criminal action was ever instituted against him. Indeed, as the Pennsylvania Supreme Court explained:

> Although Rule 588 does not directly address the question of timing, it is sufficiently precise with regard to who may file a return motion and where the motion must be filed to permit us to discern that a criminal defendant has an opportunity to file a motion seeking the return of property while the charges against him are pending. Specifically, return motions are

filed by "a person aggrieved by a search and seizure" and must "be filed in the court of common pleas for the judicial district in which the property was seized." Pa.R.Crim.P. 588(A). Additionally, a return motion may be filed pre-trial and joined with a motion to suppress. **Id.** at 588(C). Pursuant to Rule 588, therefore, **a return motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition**. **See** 42 Pa.C.S. § 5505 (providing that a trial court retains jurisdiction to modify or rescind any order within thirty days of its entry, if no appeal has been taken).

[The defendant], therefore, had the opportunity to move for return of the property during the pendency of the criminal proceedings, or while the trial court retained jurisdiction for thirty days following the dismissal of charges.

**Commonwealth v. Allen**, 107 A.3d 709, 716-717 (Pa. 2014) (emphasis added) (footnote omitted).

In the case at bar, the Commonwealth did not file charges against Appellant. Therefore, at the trial level, Appellant could not have proceeded under Pennsylvania Rule of Criminal Procedure 588 to obtain the return of his alleged property and, on appeal, Appellant cannot obtain relief under that rule. As such, the current appeal immediately fails.

Further, even if Appellant had properly instituted the current action and even if Appellant had properly argued his entitlement to relief on appeal, we would still conclude that the appeal fails, as Appellant's current action is barred by the doctrine of *res judiciata*. We have held:

the doctrines of *res judicata* and collateral estoppel . . . serve to preclude the litigation, respectively, of claims and issues that have previously been litigated.

Where there has previously been rendered a final judgment on the merits by a court of competent jurisdiction, the doctrine of *res judicata* will bar any future suit on the same cause of action between the same parties. Invocation of the doctrine of *res judicata* (claim preclusion) requires that both the former and latter suits possess the following common elements:

1. identity in the thing sued upon;

2. identity in the cause of action;

3. identity of persons and parties to the action; and

4. identity of the capacity of the parties suing or being sued.

*Chada v. Chada*, 756 A.2d 39, 42-43 (Pa. Super. 2000) (quotations and citations omitted).

"Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). *Res judicata* "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Id.*

Here, between the prior and the current action, there is: complete "identity in the thing sued upon" (in both actions, Appellant demanded that the Commonwealth return his nine-millimeter handgun); complete "identity in the cause of action" (in both actions, Appellant sought the return of his property because the handgun "is neither contraband nor derivative contraband, but [is], instead, the exclusive and lawful property of

- 6 -

[Appellant]");[2] complete "identity of persons and parties to the action" (in both actions, Appellant was the petitioner and the Commonwealth was the respondent); and, complete "identity of the capacity of the parties suing or being sued" (in both actions, Appellant was acting in his individual capacity and petitioning for the return of his property from the Commonwealth). Therefore, it is apparent that *res judicata* bars Appellant's current action.

Notwithstanding the above, on appeal, Appellant claims that he is entitled to relief because:

> The investigating detective seized Appellant's purchase receipt with the seized property (a handgun) owned by Appellant. It was difficult for Appellant to prove ownership [during the first hearing] without the receipt. Appellant was essentially denied the ability to prove ownership by government interference in the form of seizing the purchase receipt with the property seized.

Appellant's Brief at 8 (some capitalization omitted).

Thus, in essence, Appellant claims that *res judicata* does not bar his current action because he did not have an adequate opportunity to obtain a full and fair adjudication during his initial action. ***See***, ***e.g.***, ***Kremer v. Chem. Constr. Corp.***, 456 U.S. 461, 480-481 and n.22 (1982) ("the judicially created doctrine[s of both *res judicata* and] collateral estoppel [do] not apply

---

[2] ***Compare*** Appellant's Petition for Return of Property, 11/6/17, at 1-2 ("[t]he aforesaid [handgun] is neither contraband nor derivative contraband, but [is], instead, the exclusive and lawful property of [Appellant]"), ***with*** Appellant's Petition for Return of Property, 4/26/19, at 2-3 ("[t]he property seized by the police rightfully belong[s] to [Appellant], [is] not contraband, and [is] neither derived from nor connected in any way to criminal activity").

when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate the claim or issue;" noting that, "[w]hile [the Supreme Court's] previous expressions of the requirement of a full and fair opportunity to litigate have been in the context of collateral estoppel or issue preclusion, it is clear . . . that invocation of *res judicata* or claim preclusion is subject to the same limitation").

Appellant's claim is frivolous for at least two independent reasons. First, Appellant's claim is frivolous because, even without the purchase receipt, there existed numerous ways that Appellant could have proven his ownership of the handgun in the prior action (including by simply testifying that he owned the handgun) and Appellant simply failed to avail himself of any of these opportunities. **See** N.T. Hearing, 2/1/18, at 1-11. Second, within Appellant's current "Petition for Return of Property," Appellant did not provide any reason why he could not have received the purchase receipt from the Commonwealth prior to the initial hearing. **See** Appellant's Petition for Return of Property, 4/26/19, at 1-3.

Thus, Appellant's claim on appeal fails for two separate and independent reasons: contrary to Appellant's argument on appeal, since Appellant was never charged with a crime, Pennsylvania Rule of Criminal Procedure 588 does not provide Appellant with an avenue for relief and, even if Appellant had properly instituted the current action and even if Appellant had properly

argued his entitlement to relief on appeal, Appellant's action is barred by *res judicata*. Hence, Appellant's claim on appeal fails.[3]

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/20

---

[3] Notwithstanding our findings, nothing in this decision should be construed as preventing Appellant from pursuing any appropriate legal remedies he may have to seek the return of his property.