J-A22039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHARHEA B. BENDER-MATHIS | : | |
| | : | |
| Appellant | : | No. 134 WDA 2024 |

Appeal from the Order Entered January 8, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-MD-0000527-2023

BEFORE:  MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: October 21, 2024**

Appellant, Sharhea B. Bender-Mathis, appeals *pro se* from the order entered in the Erie County Court of Common Pleas, denying her motion for return of property under Pa.R.Crim.P. 588[1] and to suppress evidence under Pa.R.Crim.P. 581.  We affirm.

The relevant facts and procedural history of this case are as follows.  On or around April 20, 2022, the Commonwealth charged Appellant with possession of a controlled substance, possession of drug paraphernalia, and two counts of conspiracy to commit possession of a controlled substance with the intent to deliver.  On January 4, 2023, all charges against Appellant were withdrawn.

---

[1] "Both this Court and the Commonwealth Court have jurisdiction to decide an appeal involving a motion for the return of property filed pursuant to Pa.R.Crim.P. 588."  ***Commonwealth v. Durham***, 9 A.3d 641, 642 n.1 (Pa.Super. 2010), *appeal denied*, 610 Pa. 583, 19 A.3d 1050 (2011).

On September 6, 2023, Appellant filed a *pro se* motion for return of property under Rule 588.[2] Appellant filed an amendment to her motion on October 2, 2023, seeking to add a claim to suppress evidence under Rule 581.[3] Appellant filed a supplemental motion for return of property and to suppress evidence on November 13, 2023. On December 14, 2023, the court ordered that the Commonwealth shall have ten days to file a reply. On December 27, 2023, Appellant filed another supplemental motion for return of property and to suppress evidence, noting that the Commonwealth had not filed a response to Appellant's motion. The Commonwealth filed a response on January 5, 2024.

On January 8, 2024, the court denied relief finding: (1) the charges against Appellant were withdrawn and there are no pending charges against Appellant; thus, there is no basis for a motion to suppress evidence; and (2) the property sought to be returned is, according to the Commonwealth, evidence against Appellant's co-defendant/boyfriend in pending state and federal cases. Appellant timely filed a notice of appeal on January 23, 2024. The next day, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant complied on

---

[2] Appellant sought the return of handguns, bullets, magazines, a holster, gun box, keys, mobile phones, personal mail and handwritten notes, and currency totaling $18,532.00.

[3] As charges were no longer pending against Appellant, Appellant sought to suppress her property from being used as evidence in a case pending against her co-defendant/boyfriend.

February 12, 2024.

Appellant raises two issues for our review:

Did the [trial] court abuse its discretion committing a clear reversible error when it denied Appellant's motion for return of property and suppression of evidence?

Does the [trial] court's denial of Appellant's motion for return of property, and in the manner that it had, consist of substantial grounds for a difference in opinion regarding a controlling question of law warranting reversal?

(Appellant's Brief at 3).

As a preliminary matter, our Supreme Court has explained:

Although Rule 588 does not directly address the question of timing, it is sufficiently precise with regard to who may file a return motion and where the motion must be filed to permit us to discern that a criminal defendant has an opportunity to file a motion seeking the return of property while the charges against [her] are pending. Specifically, return motions are filed by "a person aggrieved by a search and seizure" and must "be filed in the court of common pleas for the judicial district in which the property was seized." Pa.R.Crim.P. 588(A). Additionally, a return motion may be filed pre-trial and joined with a motion to suppress. *Id.* at 588(C). **Pursuant to Rule 588, therefore, a return motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition**. *See* 42 Pa.C.S. § 5505 (providing that a trial court retains jurisdiction to modify or rescind any order within thirty days of its entry, if no appeal has been taken).

Appellee, therefore, had the opportunity to move for return of the Property during the pendency of the criminal proceedings, or while the trial court retained jurisdiction for thirty days following the dismissal of charges. Although Appellee claims that he had no opportunity to file a return motion during the pendency of the criminal proceedings against him because the Commonwealth dismissed the

- 3 -

charges, he has indicated no impediment precluding him from filing the return motion prior to dismissal of the charges or during the thirty-day period during which the trial court retained jurisdiction following dismissal. Contrary to Appellee's suggestion, Rule 588 does not require a trial as the triggering event for a return motion. Rather, the rule provides that "a person aggrieved by a search and seizure" may file a return motion. It is the search and seizure of the property, therefore, that triggers the ability to move for return of the seized property. Because Appellee was held for trial on February 15, 2002, he had until thirty days following dismissal of the charges, or December 8, 2002, to move for return of the Property. **Having failed to do so, he has waived any entitlement to the return of property under Rule 588.**

*Commonwealth v. Allen*, 630 Pa. 577, 589-90, 107 A.3d 709, 716-17 (2014) (internal footnotes omitted) (emphasis added) (holding that appellee's failure to file motion for return of property during pendency of criminal charges against him or within 30 days following withdrawal of charges results in waiver, precluding review of his motion for return of property).[4]

Instantly, the Commonwealth withdrew the charges against Appellant on January 4, 2023. Thus, Appellant had until February 3, 2023, to file a timely motion for return of property. *See id.* Appellant did not file the current motion until September 6, 2023, which was patently untimely. Therefore, Appellant waived her right to seek return of the seized property under Rule

---

[4] The procedural history set forth in **Allen** indicates that the Commonwealth withdrew the charges against the appellee by *nolle prosequi*. **See id.** at 581, 107 A.3d at 711. The Court refers to the "withdrawal" and/or "dismissal" of the charges interchangeably for purposes of its analysis.

- 4 -

588.[5] *Id.*

Regarding the portion of Appellant's motion seeking to suppress evidence under Rule 581,[6] Appellant relies on *In re $300,000 in U.S. Currency*, 259 A.3d 1051 (Pa.Cmwlth. 2021).[7] In that case, police stopped the appellant's vehicle on January 23, 2020, and seized approximately

---

[5] We recognize that *Allen* expressly limited its ruling to situations "where the property owner is the criminal defendant, and had an opportunity to move for the return of property during the thirty days following disposition of the charges, while the trial court had jurisdiction." *See id.* at 591 n.10, 107 A.3d at 717 n.10. Because Appellant was the criminal defendant in the underlying case (as opposed to a third-party moving for the return of property), the holding in *Allen* applies here.

[6] Rule 581 provides in pertinent part:

> (A) The defendant's attorney, or the defendant if unrepresented, may make a motion to the court to suppress any evidence alleged to have been obtained in violation of the defendant's rights;
>
> (B) Unless the opportunity did not previously exist, or the interests of justice otherwise require, such motion shall be made only after a case has been returned to court and shall be contained in the omnibus pretrial motion set forth in Rule 578. If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived.
>
> (C) Such motion shall be made to the court of the county in which the prosecution is pending.

Pa.R.Crim.P. 581(A)-(C).

[7] *See Commonwealth v. Hunt*, 220 A.3d 582 (Pa.Super. 2019) (explaining that this Court is not bound by decisions of Commonwealth Court; however, such decisions provide persuasive authority, and we may turn to our colleagues on Commonwealth Court for guidance when appropriate).

$300,000.00 from the appellant. On February 4, 2020, the appellant brought a stand-alone return of property action. On February 28, 2020, the appellant filed a motion to suppress, seeking suppression of the money, the appellant's iPhone (which was also seized), and all statements made by the appellant to law enforcement. The Commonwealth opposed the motion to suppress, maintaining that the appellant could not bring a stand-alone motion to suppress in a return of property action prior to the Commonwealth filing criminal charges or initiating a forfeiture action. The trial court denied the motion to suppress as premature.

The appellant filed a petition for permission to appeal with the Commonwealth Court, which the Court granted. The Commonwealth Court held "that a motion to suppress may be brought in a return of property action under Rule 588 by any person who has had their property seized unconstitutionally, regardless of whether criminal charges or a forfeiture action have been filed." *Id.* at 1062 (emphasis omitted). The Commonwealth Court explained that "[i]n interpreting Rule 588 to permit the filing of a motion to suppress in this circumstance, we ensure that individuals have a viable vehicle to challenge the Commonwealth's conduct in unconstitutionally seizing their property where they have not been subjected to criminal charges or a forfeiture petition—a purpose supported by Rule 588(C)'s explicit provision providing for such a motion." *Id.* The Court continued:

> Without the motion to suppress, the Commonwealth would
> be able to use this evidence in an effort to meet its burden

of showing that the Property was contraband [in a forfeiture action], while Appellant would have no procedural mechanism to challenge such use of this evidence. This would leave unchecked unconstitutional searches and seizures by the Commonwealth, as individuals would lack a procedure to suppress illegally gained evidence until the Commonwealth decides to file either criminal charges or a forfeiture petition.

*Id.* at 1063.

Here, as previously stated, we are not bound by *In re $300,000 in U.S. Currency*. *See Hunt, supra*. In any event, *In re $300,000 in U.S. Currency* is distinguishable from the case at bar. There, no criminal charges had been filed against the appellant and the Commonwealth Court was concerned with ensuring "individuals have a viable vehicle to challenge the Commonwealth's conduct in unconstitutionally seizing their property where they have not been subjected to criminal charges." *Id.* at 1062. Here, however, the Commonwealth filed charges against Appellant, and she had an opportunity to seek suppression of evidence while the court still had jurisdiction over her pending criminal matter.[8]

Therefore, Appellant's motion to suppress, like her motion for return of property, was untimely. *See* Pa.R.Crim.P. 581(B) (stating: "Unless the

_____

[8] This reasoning is consistent with our Supreme Court's remarks in *Allen* that its holding regarding the filing of motions for return of property was limited to situations "where the property owner is the criminal defendant, and had an opportunity to move for the return of property during the thirty days following disposition of the charges, while the trial court had jurisdiction." *See Allen, supra* at 591 n.10, 107 A.3d at 717 n.10.

opportunity did not previously exist, or the interests of justice otherwise require, such motion shall be made only after a case has been returned to court and shall be contained in the omnibus motion set forth in Rule 578. If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived"). Based upon the foregoing, Appellant has waived her claims set forth in both her motion for return of property and to suppress evidence. Accordingly, we affirm.[9]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/21/2024

---

[9] "We may affirm the trial court's determination on any grounds, even where those grounds were not suggested to or known by the trial court." *Commonwealth v. Gatlos*, 76 A.3d 44, 62 n.14 (Pa.Super. 2013).